While I concur with the conclusions reached in the majority opinion which affirmed the judgment of the trial court, I write separately in order to highlight for readers that appellate review of the work of a trial court is not intended as a personal judicial critique; rather, it is designed to determine whether the assignments of error presented for review have merit and whether we should affirm, reverse, or modify the court's final judgment. See App.R. 12(A). We seek to review each case on its own merits, guided by our reported decisions and those of the Ohio Supreme Court and the United States Supreme Court. Nowhere do the appellate rules provide that we are to determine or assess personal accountability of any individual trial judge. As the inscription on the canopy back above the judges' bench in the Court of Appeals reads, "This is a government of law not of men."
Frequently, as in this case, our review considers assignments of error unrelated to the particular judge involved in the case.[1] Thus, identifying the judge in these cases has no valid purpose, adds nothing to the opinion, and is unrelated to the outcome of our review.
More significantly, our review is not always final. In a number of instances, the Ohio Supreme Court has reversed our opinions, resulting in an affirmance of the work of the trial court; following a practice of routinely naming trial judges could inadvertently create discord among members of the judiciary based upon our interlocutory reversal of a judgment which the Supreme Court could reinstate.
A spokesman for the Chief Justice of the Ohio Supreme Court has publicly suggested this practice of naming judges in reported opinions is rarely done, and judges throughout the state's twelve appellate districts are reluctant to do so. Such a practice is neither instructive about the law, nor necessary to efficient review of the matters before the court.
The historical judicial practice of reviewing the work of courts, not that of individual judges, demonstrates prudence. This anomalous approach does not. Accordingly, I abstain from that portion of the majority opinion which incorporates the name of the trial judge.
[1] Consider the five assignments of error stated in this appeal:
 O.R.C. 2950.09(B) IS UNCONSTITUTIONALLY VAGUE AND DENIES THE APPELLANT DUE PROCESS OF LAW.
O.R.C. 2950.09(B) IS AN EX POST FACTO LAW.
 O.R.C. 2950.09(C) DENIES THE APPELLANT OF EQUAL PROTECTION UNDER THE LAW.
 O.R.C. 2950.09(C) IS CONTRARY TO TEE DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION. THE APPELLANT'S PLEA IS NOT VOLUNTARILY AND UNKNOWINGLY MADE PURSUANT TO CRIM. RULE 11 (C).
None suggest the trial court acted improperly. Hence, there is even less reason to name the judge who presided over this case. Since the appellant focuses on deficiencies in R.C. 2950.09, should the author then name the members of the General Assembly who voted for passage of that legislation and the Governor who signed it into law? opinions is rarely done, and judges throughout the state's twelve appellate districts are reluctant to do so. Such a practice is neither instructive about the law, nor necessary to efficient review of the matters before the court.